WeygaNdt, C. J.
The sole question of law in this case is the meaning of the first sentence of the provisions of Section 5591.24, Revised Code, which reads as follows:
“The Board of County Commissioners shall construct, without unnecessary delay, good and sufficient approaches or *386 ways to bridges erected by it. The board shall contract fill such construction in the same manner as for contracting for til construction of such bridges.” 1
It is the view of the relator that the language, “shall coil struct * * * approaches or ways,”.is mandatory, nondiscretioifi ary and not to be construed in connection with the context il the cognate statutes.
To the contrary, the respondents contend that the languag is not mandatory, does permit the exercise of sound discretioi and must be read in the light of the context.
The respondents emphasize the provisions of precedin Sections 5591.02 and 5591.21, Bevised Code. The first reads i part that “the Board of County Commissioners shall construe and keep in repair all necessary bridges * * *.” (Italics suj plied.) The second section reads in part that “the Board o County Commissioners shall construct and keep in repair neces sary bridges over streams and public canals on or connecting state, county, and improved roads * * (Italics supplied.)
It is the contention of the respondents that the provision relating to bridges and those applicable to approaches must b considered together since logically either a bridge or approache, alone would be useless without the other.
The soundness of thus construing the legislative intent if disclosed by the controlling facts in this case — many of then undisputed.
The bridge here involved was constructed by the commis sioners of that county approximately 27 years ago. At tha1 time the then owner, a corporation known as the Mentor Harbor Company, was engaged in a real estate development in that locality. Incident to that plan, the company, by a dredging process, constructed an artificial island. Across the island the company was to provide a road, and the county commissioners were to construct a bridge and approaches at each end of the road thereby connecting the island road with roads on the mainland. Due in part to the then prevailing depression, the project failed and was abandoned by the company. The county commissioners then discontinued their part of the operation, and neither the second bridge nor any approaches ever were constructed. The relator, the present owner, is not asking that *387 ie second bridge or the approaches thereto be constructed at ie east side of the island. The sole relief sought is that the ¡spondent commissioners be ordered by this court to complete Le west bridge by supplying approaches to it.
As already indicated, this court is of the view that logical-the so-called bridge provisions and approaches provisions of ie cognate statutes must be read together, and that discretion > vested in the county commissioners.
Under the circumstances has this discretion been abused? a the language of the statutory definition of mandamus, can ; be held that “the law specially enjoins” upon the respondent )unty commissioners a duty to complete the west bridge by applying approaches to it?
When it is remembered that the project of the Mentor larbor Company failed and was abandoned approximately 25 ears ago; that no road has been constructed across the arti-cial island; that no bridge is now planned for the east side of he island to connect with roads on the mainland; that the re-aining walls have deteriorated; that some of the dredged soil f the island has eroded back into the water of Lake Erie; and hat under the provisions of Section 5553.10, Revised Code, “a ■oad, or part thereof, which remains unopened for seven years ifter the order establishing it was made or authority granted ’or opening it shall be vacated, and the right to build it pursu-mt to the establishment in the original proceedings therefor shall be barred,” it is readily apparent that the respondent jounty commissioners have not abused their discretion in re-cusing to expend additional public funds for a project of this sort.
The requested writ of mandamus must be denied.

Writ denied.

Zimmerman, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.